ORDERED.

Dated:  February 18, 2016

K. Rodney May
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:

JEFFREY P. SMITH  and                                  Case No. 8:15-bk-01469-KRM
JENNIFER C. SMITH,                                      Chapter 7

     Debtors.
_____/

**MEMORANDUM OPINION AND ORDER DENYING TRUSTEE'S OBJECTION TO DEBTORS' CLAIM OF EXEMPTIONS (DOC. NO. 11)**

The Trustee opposes the Debtors' claim to exempt their 2014 federal income tax refund. For the reasons stated below, the Court concludes that the Debtors own the 2014 federal income tax refund as tenants by the entireties ("TBE").  Therefore, the 2014 federal income tax refund comes within the protection of the applicable exemption.  The Trustee's objection will be overruled.

**Background**

The facts are not in dispute.  The Debtors, a married couple, filed a voluntary Chapter 7 petition on February 16, 2015.[1]  On Schedule C, the Debtors claimed exemptions for household

---

[1] Doc. No. 1.

goods and furnishings in the amount of $1,500.00 and their 2014 Tax Refund in the amount of $7,000.00 (the "Refund") pursuant to 11 U.S.C. § 522(b)(3)(B). The Trustee has not caused the household items to be appraised. The Refund resulted from the Debtors joint filing of a U.S. Individual Income Tax Return, Form 1040, for the tax year 2014, on or about March 11, 2015. On their joint tax return, the Debtors claimed entitlement to a refund in the amount of $7,696.00 and received that amount from the IRS.

The Chapter 7 Trustee filed an objection to the Debtor's claim of exemptions.[2] The Debtors responded.[3] And the parties filed competing briefs on the issues of whether the Refund is held by the Debtors as TBE and whether the Debtors, as joint debtors, may utilize 11 U.S.C. § 522 (b)(3)(B) to exempt the Refund.[4]

## Discussion

### *The Trustee has not Rebutted the Presumption the Refund is Owned as TBE*

A tax refund received postpetition is property of the estate if it is attributable to wages earned and withholding payments made during prepetition years.[5] In this case, because the petition was filed in February of 2015, the entire 2014 tax year was prepetition and, unless exempt, the portion of the Refund owned by the Debtors is property of the estate.

In Florida, a debtor's right to exemptions is based on the Constitution and the exemption statutes of this state because, under § 522(b)(1) of the Bankruptcy Code, Florida has opted out of the specific federal bankruptcy exemptions set forth in § 522(d) of the Bankruptcy Code.[6]

---

[2] Doc. No. 11.
[3] Doc. No. 18.
[4] Doc. Nos. 36, 38, and 39.
[5] *Carlson v. Moratzka*, 394 B.R. 491, 493 (8th Cir. BAP 2008).
[6] *In re Gardner*, 118 B.R. 860, 862 (Bankr. M.D. Fla. 1990).

However, 11 U.S.C. § 522 (b)(3)(B) is available to all bankruptcy debtors regardless of whether the debtor's state of domicile has opted out of the federal exemption scheme.[7]

11 U.S.C. § 522 (b)(3)(B) provides for an exemption from creditors' claims of "any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law." Under Florida law, property held by a husband and wife as TBE belongs to neither spouse individually. Thus, it is exempt from process to satisfy debts owed to individual creditors of either spouse.[8] Entireties property is not exempt from process to satisfy joint debts of both spouses, however.[9]

Property held as TBE must have six characteristics: (1) unity of possession (joint ownership and control); (2) unity of interest (the interests in the account must be identical); (3) unity of title (the interests must have originated in the same instrument); (4) unity of time (the interests must have commenced simultaneously); (5) survivorship; and (6) unity of marriage (the parties must be married at the time the property became titled in their joint names).[10] TBE may exist in both real property and personal property.[11] There is a presumption in favor of a TBE when a married couple jointly owns personal property.[12] This presumption operates to shift the burden to the creditor to prove, by a preponderance of evidence, that a TBE was not created.[13]

---

[7] *In re Cauley*, 374 B.R. 311, 313 (Bankr. M.D. Fla. 2007).
[8] *Neu v. Andrews,* 528 So.2d 1278, 1279 (Fla. 4th DCA 1988).
[9] *Stanley v. Powers,* 123 Fla. 359, 166 So. 843, 846 (1936).
[10] *Beal Bank, SSB v. Almand & Associates,* 780 So. 2d 45, 52 (Fla. 2001).
[11] *Id.* at 53.
[12] *Id.* at 57.
[13] *In re Kossow*, 325 B.R. 478, 485 (Bankr. S.D. Fla. 2005).

Despite this settled point of Florida law, there is a split among bankruptcy courts regarding the applicability of TBE to a joint federal tax refund.[14] The Trustee urges the Court to find that the Debtors may not properly exempt the Refund pursuant to § 522(b)(3)(B) because the Debtors do not own the Refund as a TBE. The Trustee most heavily relies upon the holding and reasoning of Judge Mark's opinion of *In re Ascuntar*.[15]

In *Ascuntar*, a chapter 7 debtor sought to exempt a joint tax refund as TBE with his non-filing spouse where the debtor received the joint federal income tax refund after filing his Chapter 7 petition.[16] The court focused on whether a debtor's interest in a future tax refund can be claimed as entireties property in the first instance. The court reasoned the debtor could not establish TBE ownership of the refund because there was no unity of interest.[17] In support of this conclusion, the court cited the Internal Revenue Service Ruling 74-611 (the "IRS Ruling") which provides that "if one spouse goes bankrupt, only his share of the refund goes to the trustee in bankruptcy" and a "joint income tax return does not create new property interests for the husband and wife in each other's income tax overpayment."[18] Judge Mark concluded that, unless the tax refund is received prepetition and deposited into a TBE account, the expected

---

[14] *See In re Ascuntar*, 487 B.R. 319, 325 (Bankr. S.D. Fla. 2013), *reconsideration denied* (Feb. 4, 2013)(holding each spouse has a separate interest in a joint tax refund and therefore lacked the unity of interest necessary to establish tenancy by the entireties ownership under Florida law); *In re Morine,* 391 B.R. 480 (Bankr. M.D. Fla. 2008) (joint tax refund did not qualify as TBE where spouse had not filed and tax refund was attributable solely to debtor's income); *In re Kant,* 2006 WL 4919043 (Bankr. M.D. Fla. Apr. 12, 2006) (joint tax refund was not TBE because the unity of interest was lacking where the debtor was the sole earner). *But see In re Newcomb*, 483 B.R. 554, 559 (Bankr. M.D. Fla. 2012) (finding trustee failed to offer extrinsic evidence to rebut the presumption that a joint tax refund of married co-debtors was not owned as a TBE); *In re Gorny,* 2008 WL 5606583, *5 (Bankr.M.D.Fla. Aug. 28, 2008) (debtor and his non-filing spouse's joint tax refund was TBE property); *In re Freeman,* 387 B.R. 871, 875 (Bankr.M.D.Fla.2008) (debtor properly claimed joint tax refund of the debtor and her non-filing spouse as exempt TBE property); *In re Hinton,* 378 B.R. 371, 379 (Bankr.M.D.Fla.2007) (federal tax refunds may be owned as TBE).
[15] Doc. No. 36 at 4.
[16] *In re Ascuntar*, 487 B.R. at 320.
[17] *Id.* at 322.
[18] Rev. Rul. 74-611, 1974-2 C.B. 399 (1974).

future income existing on the filing of the individual's bankruptcy petition is not owned as TBE with his or her spouse.[19]

The Court, however, finds this holding inconsistent with the fact that there is a presumption in favor of ownership of a joint tax refund as TBE when owned by a married couple, as well as, the decision of the United States Court of Appeals for the Eleventh Circuit in *In re Sinnreich,* 391 F.3d 1295 (11th Cir.2004). Instead, the Court adopts the reasoning and holding of Judge McEwen's opinion of *In re Newcomb*, 483 B.R. 554, 558 (Bankr. M.D. Fla. 2012) and finds the refund is presumably held as TBE by the Debtors and the Trustee has failed to rebut this presumption.

The *Sinnreich* court found that the IRS Ruling created a narrow exception allowing the IRS—and only the IRS—to defeat the unity of interest that is otherwise presumed to exist in joint federal tax refund owned by husband and wife.[20] Other creditors must rely on some other fact or authority to rebut the presumption that spousal property is held as TBE.[21] Noting a joint federal tax refund could be held as TBE pursuant to Florida law and the narrow exception of reaching a federal tax refund held as TBE as belonging to the IRS solely, the court in *Newcomb* found the TBE ownership of a joint federal tax refund is afforded TBE protection in bankruptcy pursuant to 11 U.S.C. § 522(b)(3)(B).[22] Judge McEwen went on to explain in *Newcomb* that the ability of other creditors to rebut the presumption of TBE ownership in a joint federal tax return by merely pointing out the IRS is permitted to allocate a portion of a joint tax refund to

---

[19] *In re Ascuntar*, 487 B.R. at 323.
[20] *In re Sinnreich,* 391 F.3d 1295, 1297 (11th Cir.2004).
[21] *Id.*
[22] *In re Newcomb*, 483 at 558.

individual spouses would run contrary to the limitation imposed by *Sinnreich* and the protections afforded under settled Florida law.[23]

This Court agrees. The Debtors are presumed to own the Refund as TBE. The Trustee has failed to offer any extrinsic evidence to rebut the presumption or to satisfy his burden that a TBE was not created in the Refund.

### *The Refund was not Conveyed to the Trustee by Filing a Joint Case*

The Trustee next argues the Refund is not owned as TBE because, upon filing the joint Chapter 7 case, the Debtors effectively conveyed the Refund to the Trustee pursuant to 11 U.S.C. § 541, thereby destroying the unities required for TBE ownership.[24]

Under the Trustee's reasoning, 11 U.S.C. § 522(b)(3)(B) is rendered moot in all jointly filed cases as joint debtors could never exempt property owned as TBE. Such a result is inconsistent with how the interests of married joint debtors are treated in bankruptcy. The filing of a joint petition by a husband and wife is intended as a procedural tool used as a matter of convenience and cost saving, it does not result in the automatic substantive consolidation of the two debtors' estate.[25]

Further, as discussed above, personal property owned by joint debtors as TBE is exempt from process to satisfy debts owed to individual creditors of either spouse[26] and is not exempt from process to satisfy joint debts of both spouses.[27] As noted by the Debtors, it would make

---

[23] *In re Newcomb*, 483 at 558.
[24] Doc. No. 36 at 6.
[25] *In re Reider*, 31 F.3d 1102, 1109 (11th Cir. 1994) (internal citations omitted).
[26] *Neu v. Andrews,* 528 So.2d 1278, 1279 (Fla. 4th DCA 1988).
[27] *Stanley v. Powers,* 123 Fla. 359, 166 So. 843, 846 (1936).

little sense for the Debtors to be afforded greater protections by virtue of their TBE ownership in personal property outside of bankruptcy than in bankruptcy.[28]

The filing of the joint petition did not substantively consolidate the Debtors' cases and the Debtors did not convey their interest in the Refund as TBE to the Trustee. The filing of the joint petition does not destroy any of the unities required for the Debtors to continue to hold the Refund as TBE.

### *The Trustee is not a Joint Lien Creditor of the Debtors*

Finally, the Trustee argues he became a joint judicial lien creditor of the Debtors upon the filing of their joint case pursuant to 11 U.S.C. § 544 and, therefore, the Refund (filed after the date of the petition) is subject to the Trustee's lien along with the household goods and all other non-homestead property exceeding the allowed exemptions.[29] The Trustee cites the case of *In re Blum*, 39 B.R. 897 (Bankr. S.D. Fla. 1984) in support of his position.[30]

The court in *Blum* was asked to determine the extent to which joint debtors could claim non-homestead property owned as TBE where the debtors had extensive joint liabilities.[31] The *Blum* court explicitly declined to address the issue of whether 11 U.S.C. § 544(a) would result in joint-debtors losing an exemption claimed as TBE.[32] Rather, the *Blum* court held what this Court has already stated as the limits on TBE exemptions claimed by joint debtors: that 11 U.S.C. § 522(b)(3)(B) exempts non-homestead TBE property in a joint case only to the extent there are not joint obligations.[33]

---

[28] Doc. No. 38 at 7.
[29] Doc. No. 36 at 7-8.
[30] Doc. No. 36 at 8.
[31] *In re Blum*, 39 B.R. at 899-900.
[32] *Id.* at 900.
[33] *Id.*

The Trustee's reasoning presumes the Debtors' joint Chapter 7 case represents two cases that have been substantively consolidated by the court. As already discussed, this is not the effect of filing a joint petition. In the instant case, the legal rights and obligations of the Debtors, creditors, and Trustee remain distinct.[34] Thus, the Trustee did not enjoy the position of a joint lien holder of the Debtors pursuant to 11 U.S.C. § 544.

### Conclusion

Because the Trustee's objection to the Debtors' TBE exemptions fails to rebut the presumption the exemptions are held as TBE and the Trustee may not otherwise reach property properly exempted from the bankruptcy estate as property held as TBE, the Trustee's objection to the Debtor's exemptions will be overruled.

Accordingly, it is

ORDERED:

1. The Trustee's Objection to Debtors' Claim of Exemptions (Doc. No. 11) is OVERRULED.

Attorney for the Trustee, David B. McEwen, is directed to serve a copy of this order on interested parties and file a proof of service within three days of the entry of the order.

---

[34] *Thomas v. Peyton*, 274 B.R. 450, 453 (E.D. Va. 2001) *aff'd sub nom. In re Bunker*, 312 F.3d 145 (4th Cir. 2002)(citing *In re Reider*, 31 F.3d 1102, 1109 (11th Cir.1994)).